# EXHIBIT A

| | |
|---|---|
| District Court, Adams County<br>Colorado<br>Court Address:1100 Judicial Center Dr.<br>                   Brighton CO 80601<br>                   303-659-1161 | DATE FILED: November 10, 2020 11:23 AM<br>FILING ID: 82FCD420F9EA8<br>CASE NUMBER: 2020CV31432 |
| Plaintiff: Thomas Mazza<br><br>v.<br><br>Defendant: State Farm Automobile Insurance Company | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFF:<br>Michael Born, Reg. No. 38464<br>FRANKLIN D. AZAR & ASSOCIATES, P.C.<br>14426 East Evans Avenue<br>Aurora, Colorado 80014<br>Phone Number:  (303) 757-3300<br>Fax Number:      (303) 759-5203<br>E-Mail:             bornm@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

**THE PLAINTIFF**, Thomas Mazza, by and through his undersigned counsel, complaining of the Defendant, State Farm Automobile Insurance Company, alleges and says as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Thomas Mazza is an individual and resident of the State of Colorado.

2. Defendant State Farm Insurance Company (hereafter "Defendant") is a corporation doing business in the State of Colorado, registered agent Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

5. On or about April 21, 2018, Megan Baxter turned left on a red arrow and struck Plaintiff Thomas Mazza (hereafter "Plaintiff") at the intersection of 120th Ave. and Huron St.

6. On April 21, 2018, Megan Baxter was negligent and caused the collision with Plaintiff.

# EXHIBIT A

7. On April 21, 2018, Plaintiff was not negligent, and his actions did not contribute to the collision.

8. On April 21, 2018, Plaintiff was injured as a result of the collision.

9. On April 21, 2018, Ms. Baxter did have valid insurance coverage.

10. Ms. Baxter was underinsured with respect to Plaintiff's injuries, damages and losses.

11. Ms. Baxter had a liability Policy with limits of $250,000 per person.

12. Plaintiff settled with Ms. Baxter for the $250,000 Progressive limits with the consent of Defendant State Farm.

13. No third party caused, or contributed to the cause, of the accident and Plaintiff's injuries, damages, and losses.

14. Plaintiff submitted his claim to Defendant in a timely manner.

15. Plaintiff has cooperated with Defendant in its investigation of his claim.

16. Plaintiff has submitted $150,729.34 of medical bills to Defendant and requested that it issue all benefits owed.

17. Defendant is aware that the injuries suffered in the crash are persistent and ongoing.

18. Defendant has issued advance payments totaling $0.00 to Plaintiff.

19. Defendant has not made offers of settlement to Plaintiff.

20. Defendant has not questioned whether Plaintiff's medical bills are related to the collision due to similar medical complaints Plaintiff made prior to the collision.

21. Defendant knows, or should know, that Colorado law dictates that Plaintiff's possible prior conditions do not relieve Defendant of its responsibility for his damages related to the collision.

22. Defendant has failed to pay all benefits owed to Plaintiff.

23. Defendant has failed to make reasonable offers to Plaintiff.

24. Defendant has failed to consult medical professionals regarding Plaintiff's medical treatments and their relatability to the collision.

# EXHIBIT A

25. Defendant's conduct has resulted in delay of uninsured motorist benefits being paid to Plaintiff.

26. Defendant's failures in Plaintiff's case fail to meet the standard set for in its own claim handling manuals and internal standards.

27. Defendant has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

28. Defendant has failed to act in good faith and fair dealing with Plaintiff.

29. Defendant has not documented or investigated any failure to cooperate on behalf of Plaintiff.

30. Defendant has not sent a reservation of rights related to this claim.

31. Defendant has not requested medical examination of the Plaintiff.

32. Defendant, withholding benefits owed to Plaintiff, benefits Defendant as it earns interest on any money it retains.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT-UIM BENEFITS)

28. Plaintiff incorporates all prior allegations as though fully set forth herein.

29. Sometime prior to the accident, Plaintiff entered into a contract or was the beneficiary of a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant.

30. Plaintiff has advised Defendant of a claim for uninsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

31. Plaintiff is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

32. Plaintiff is entitled to be compensated by Defendant for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM

# EXHIBIT A

**UNDER C.R.S. § 10-3-1116)**

33.     Plaintiff incorporates all prior allegations as though fully set forth herein.

34.     Defendant has failed to make payment of underinsured motorist benefits to Plaintiff without a reasonable basis for its action.

35.     Defendant's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

36.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (BAD FAITH)

37.     Plaintiff incorporates all prior allegations as though fully set forth herein.

38.     Defendant owed Plaintiff a duty to act in good faith in reviewing, adjusting and settling his claims.

39.     Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

(a)     Compelling this Plaintiff to institute litigation to recover amounts due to him under the under-insured motorist bodily injury liability benefits afforded Plaintiff under the insurance policy;
(b)     Favoring the interests of itself an insurer, over those of Plaintiff, an insured, by withholding benefits from Plaintiff and earning interest on the money;
(c)     Failing to reasonably explain its offer;
(d)     Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an uninsured motorist; and
(e)     Failing to investigate Plaintiff's injuries and pay benefits due in an appropriate manner.

40.     Defendant's actions were unreasonable.

41.     Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

42.     As a direct result of Defendant's breaches of its duties to its insured, Plaintiff has been damaged including, but not necessarily limited to:

# EXHIBIT A

     a. Being forced to incur additional costs in litigation;
     b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
     c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Plaintiff prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiff's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted on this 10th day of November, 2020.

                                                  FRANKLIN D. AZAR & ASSOCIATES, P.C.
                                                  */s/ Michael Born*
                                                  Michael Born, Reg. No. 38464
                                                  COUNSEL FOR PLAINTIFF

**Plaintiff's Address:**
13163 Tejon Street
Westminster, CO 80234

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by this parties or the Court upon request.*